## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHNNY J. MOSS**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 15-2299**

**DEPARTMENT OF PUBLIC**                          **SECTION "A"(2)**
**SAFETY & CORR., WARDEN**
**JOHNNY HEDGEMON**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Johnny J. Moss, is incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[2]  On July 28, 2011, Moss was charged by bill of information in St. Tammany Parish with one count of possession of oxycodone, one count of possession of alprazolam and one count of possession of hydrocodone.[3]

At a hearing held on January 19, 2012, Moss entered a plea of guilty to the charges.[4]  The State also filed a multiple bill charging Moss as a second offender as to count one, and Moss conceded that he was a second felony offender.[5]  Based on his guilty pleas, the state trial court sentenced Moss that same day to eight years in prison as to count one as a second felony offender without benefit of parole, probation or suspension of sentence.[6]  The court also sentenced Moss to serve concurrent terms of five years at hard labor for counts two and three.

Moss's conviction became final thirty (30) days later, on Wednesday, February 22, 2012,[7] because he did not pursue direct appeal or timely seek reconsideration of his

[2]Rec. Doc. No. 4.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 7/28/11.

[4]St. Rec. Vol. 1 of 2, Minute Entry, 1/19/12; Plea Transcript, 1/19/12.

[5]St. Rec. Vol. 1 of 2, Minute Entry, 1/19/12; Multiple Bill, 1/19/12; Plea Transcript, 1/19/12.

[6]St. Rec. Vol. 1 of 2, Minute Entry, 1/19/12; Plea Transcript, 1/19/12.

[7]The thirtieth day fell on Saturday, February 18, 2012.  Presidents' Day was observed on Monday, February 20, 2012, and the next day, Tuesday, February 21, 2012, was the state recognized holiday of Mardi Gras. The last day of a calculated period can not end on a weekend or holiday.  Fed.

sentence.  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[8]).

More than four (4) months later, on July 3, 2012, Moss's counsel filed a motion to correct the sentence on grounds that the multiple offender bill filed by the State bore the incorrect docket number.[9]  The court addressed the motion at a hearing on August 9, 2012.[10]  The court allowed the State to amend the multiple bill to reflect the correct docket number and ordered that the sentence remain in place as previously imposed.

Moss sought copies of his plea transcript and other minute entries and received the documents to which he was deemed entitled by the state courts.[11]  He was unsuccessful

---

R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13. For this reason, the finality date must fall on the next business day which here was Wednesday, February 22, 2012.

[8]The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[9]St. Rec. Vol. 1 of 2, Motion to Correct Illegal Sentence, 7/3/12.

[10]St. Rec. Vol. 1 of 2, Minute Entry, 8/9/12.

[11]St. Rec. Vol. 1 of 2, Motion for Production of Documents, 2/9/12 (dated, 2/7/12); Trial Court Order, 2/9/12; Letter from the Clerk of Court, 2/17/12; Letter from the Clerk of Court, 8/27/12; Request for Copies, 8/27/12 (dated 8/23/12); Letter from the Clerk of Court, 9/4/12; Letter from the Clerk of

in the Louisiana First Circuit and the Louisiana Supreme Court on review of his complaints that he was entitled to more copies of documents than he received.[12]

On February 10, 2014, Moss signed and submitted to the state trial court a pro se application for post-conviction relief, in which he asserted that he received ineffective assistance of counsel in that his trial counsel's advice to enter the guilty plea was contrary to prevailing norms because counsel failed to research or pursue a meritorious Fourth Amendment claim.[13]

Shortly after the application was filed, counsel enrolled to represent Moss.[14]  In response to the State's answer suggesting that Moss's pro se claim was meritless under Strickland v. Washington, 466 U.S. 668 (1984), Moss's counsel filed a supplemental memorandum in which he asserted a new claim that the guilty pleas and the multiple bill were not knowingly and voluntarily made.[15]  Counsel also expanded Moss's ineffective assistance of counsel claims to argue that trial counsel was ineffective by failing to

---

Court, 1/4/13; Motion for Production of Documents, 4/5/13 (4/13/13); Trial Court Order, 4/8/13; Letter from the Clerk of Court, 4/9/13; Motion for Clarification of Sentence, Credits, 6/19/13; Trial Court Order, 6/20/13.

[12]State ex rel. Moss v. State, 149 So.3d 255 (La. 2014); St. Rec. Vol. 1 of 2, 1st Cir. Order, 2013-KW-1439, 11/21/13; La. S. Ct. Letter, 2014-KH-110, 1/14/14; St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2013-KW-1439, 8/9/13 (dated 8/4/13); La. S. Ct. Writ Application, 14-KH-110, 1/14/14 (dated 1/3/14); La. S. Ct. Order, 2014-KH-0110, 9/26/14;

[13]St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief, 2/10/14 (dated 2/6/14).

[14]St. Rec. Vol. 1 of 2, Motion to Enroll, 2/20/14; Trial Court Order, 2/24/14.

[15]St. Rec. Vol. 1 of 2, Supplemental Memorandum, 3/11/14; State's Answer, 3/5/14.

investigate plausible defenses, interview witnesses, communicate with petitioner, advise him of the parameters of the guilty plea and notice the erroneous docket number on the multiple bill.

On April 23, 2014, the state trial court denied Moss's pro se application as meritless, finding that it presented only conclusory allegations insufficient to warrant relief under La. Code Crim. P. 930.2.[16]  The court separately addressed arguments asserted by counsel in the supplemental memorandum, finding them unsupported by the plea transcript and otherwise meritless.

Moss then filed an untimely[17] pro se writ application with the Louisiana First Circuit, which the court denied on September 23, 2014, without stated reasons.[18]  Moss sought no further review of his claims.[19]

---

[16]St. Rec. Vol. 1 of 2, Reasons for Judgment, 4/23/14; Judgment, 4/22/14.

[17]La. App. R. 4-3 allows for the filing of a writ application within thirty (30) days after the trial court's ruling.  In this case, the state trial court granted Moss until June 23, 2014, to file a writ application with the Louisiana First Circuit and he failed to do so. See St. Rec. Vol. 1 of 2, Notice of Intent, 5/14/14; Trial Court Order, 5/19/14.

[18]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2014-KW-1013, 9/23/14; St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2014-KW-1013, 7/11/14 (dated 7/9/14).

[19]A member of my staff contacted the office of the clerk of the Louisiana Supreme Court on October 7, 2015, and was advised that Moss has no pending writ applications and has only filed one writ application, 2014-KH-0110, related to this conviction.  The record reflects that this writ application was connected to Moss's pursuit of document and transcript copies, not his post-conviction claims.

II.     FEDERAL HABEAS PETITION

On October 15, 2014, the clerk of the Western District of Louisiana filed Moss's federal habeas corpus petition in which he asserts the following grounds for relief:[20] (1) The State did not properly Boykinize[21] Moss in connection with the guilty plea to the multiple bill in accordance with La. Rev. Stat. § 15:529.1.  (2) Moss received ineffective assistance of counsel, who failed to require the State to sentence him before proceeding to the multiple offender proceeding.  (3) He was denied his Due Process and Equal Protection rights when he did not receive copies of documents needed for collateral attack on his sentence.  (4) He was improperly charged because a doctor prescribed the drugs in his possession.  The case was transferred to this court for further proceedings on June 29, 2015.[22]

The State filed an answer and memorandum in opposition to Moss's petition, asserting that state court remedies were not fully exhausted and that the federal petition was not timely filed.[23]

---

[20]Rec. Doc. No. 1.

[21]Boykin v. Alabama, 395 U.S. 238 (1969) (a guilty plea cannot be inferred from silence and must be based on express affirmations made intelligently and voluntarily).

[22]Rec. Doc. Nos. 6, 7.

[23]Rec. Doc. No. 14.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[24] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore applies to Moss's petition, which, for reasons discussed below, is deemed filed in a federal court on October 7, 2014.[25]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[24]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District filed Moss's petition on October 15, 2014, when it was received. Moss dated his signature on the petition on October 7, 2014, which is the earliest date appearing in the record on which he could have submitted the pleadings to the prison officials for mailing to the court.

The State has argued that Moss failed fully to exhaust state court review of his claims and that his federal petition was not timely filed.  I find that both defenses are supported by the record.

IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

8

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust his claims in state court, Moss must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner. As outlined above, Moss has raised four claims in this court: his plea colloquy did not comply with state law; his counsel failed to assure that he was sentenced before the multiple offender proceedings; he was denied copies of documents needed for collateral review; and he was not properly charged in the bill of information.

The claim related to the production of documents is similar to the claims addressed by the state courts during Moss's pursuit of copies. As mentioned previously, Moss was provided with copies of his plea transcript and related minute entries. After he was denied additional copies by the clerk of the state trial court, he sought review in the

Louisiana First Circuit and the Louisiana Supreme Court. Although the writ applications to these courts were not timely filed, they were denied because the documents had in fact been provided to Moss.[26] See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion). It appears that review of this claim was exhausted.

The record also reflects, however, that Moss has not sought full state court review of his remaining three claims as to the multiple offender plea colloquy, effective assistance of counsel and improper charge in the bill of information. Moss challenged the multiple offender plea colloquy in his state post-conviction application and on review in the Louisiana First Circuit. He did not however seek review of this claim in the Louisiana Supreme Court. This claim is not exhausted.

In addition, the ineffective assistance of counsel claim asserted in this court is different from the arguments raised in the state trial and appellate courts. For the first time, Moss alleges in this court that his counsel was ineffective for failing to assure that he was sentenced on the underlying charges before being brought through the multiple offender proceedings. When ineffective assistance of counsel is raised, the claim is not

---

[26]State ex rel. Moss v. State, 149 So.3d 255 (La. 2014); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2014-KH-0110, 9/26/14; St. Rec. Vol. 1 of 2, 1st Cir. Order, 2013-KW-1439, 11/21/13.

exhausted if the petitioner did not raise or mention the same basis or legal theory in the state court proceedings as asserted in a federal petition.  See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases for ineffective assistance claim were not exhausted as "significantly different" from those raised in state court).  This claim is therefore not exhausted in any state court, including the Louisiana Supreme Court.

As the State also indicates, the same is true for the challenge to the drug charge based on Moss's assertion that he had a doctor's prescription for the drugs.  This is a new claim raised for the first time in this federal petition and in a different legal context than its presentation in the state courts as part of the ineffective assistance of counsel claim. Moss did not present this new legal theory or claim or exhaust it in the state courts.  Even if encompassed in another claim, it still would not have been exhausted, since Moss never sought review of his post-conviction claims in the Louisiana Supreme Court.

For these reasons, Moss has failed to exhaust available state court remedies as to the claims asserted in this court.  This case, which includes both exhausted and unexhausted claims, is therefore a "mixed petition," and it is subject to dismissal for that reason.  See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420).  The record discloses no good cause for Moss's failure to exhaust all of the claims, and this court can

find none.  Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).

The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510).  The Supreme Court has also provided, however, that, to avoid dismissal of a mixed petition, a petitioner like Moss can choose to amend his petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims.[27]  Pliler, 542 U.S. at 233.

In this case, however, allowing Moss to amend his petition or attempt to complete exhaustion is unnecessary.  As the State correctly asserts, Moss did not timely file his federal petition under the AEDPA.  The untimeliness of his filing is dispositive of his case and renders exhaustion unnecessary.  For the following reasons, Moss's petition should be dismissed with prejudice as untimely filed.

---

[27]The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner.  Rhines, 544 U.S. at 278.  The Rhines court cautioned that a stay-and-abeyance "should be available only in limited circumstances," (emphasis added), and is appropriate only when the court determines that there was "good cause" for the failure to fully exhaust state court remedies on all claims raised.  Id., at 277; see also Pliler v. Ford, 542 U.S. 225, 233 (2004).  There is no such showing here.

12

V.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[28]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Moss's conviction became final on February 22, 2012, when he did not seek review of his conviction or sentence.  Under a literal application of Section 2244, Moss had one year from finality of his conviction, or until February 21, 2013, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only

---

[28]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

   Moss has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner

14

diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

Flanagan, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison

mailbox rule to state pleadings filed by a prisoner.  <u>Causey v. Cain</u>, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

Requests for document and transcript copies, like those submitted by Moss in the state courts, are <u>not</u> other collateral review for purposes of the tolling calculation.

Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In Moss's case, the one-year AEDPA statute of limitations period began to run on February 23, 2012, the day after his conviction became final under federal law. The one-year period continued to run without interruption for 131 days until July 3, 2012, when Moss's counsel filed a motion to correct the docket number on the multiple bill. The AEDPA statute of limitations remained interrupted during the pendency of those proceedings, through Monday, September 10, 2012,[29] when the time for seeking review of the state trial court's August 9, 2012, order expired.

---

[29]Under La. App. R. 4-3, Moss had thirty (30) days to seek review of the trial court's August 9, 2012, in the state appellate court. The thirtieth day fell on Saturday, September 8, 2012, leaving the final day to fall on the next business day, Monday, September 10, 2012. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

The AEDPA one-year statute of limitations period began to run again the next day, September 11, 2012, and did so uninterrupted for the remaining 234 days, until May 2, 2013, when it expired.  Moss had <u>no</u> properly filed state court application for post-conviction relief or other collateral review pending in any state court during that period of time.

Under the mailbox rule, Moss's federal petition is deemed filed on October 7, 2014, which was almost seventeen (17) months after the AEDPA's one-year statute of limitations expired on May 2, 2013, and is therefore not timely filed.  <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely).  Moss's federal petition must be dismissed with prejudice for that reason.[30]

---

[30]Should the issue be raised by Moss, the United States Supreme Court decision in <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012), is not relevant to the timeliness of this federal petition. In <u>Martinez</u>, the Supreme Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, __ U.S. __, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 132 S. Ct. at 1320). Moss, however, was represented by <u>counsel</u> when he first raised ineffective assistance of counsel on state post-conviction review and his claims were addressed by the state courts <u>on the</u> <u>merits</u> under <u>Strickland</u> and not procedurally barred. He does not fit the narrow exception addressed in those cases.

In addition, the <u>Martinez</u> and <u>Trevino</u> decisions do <u>not</u> address or provide an excuse for the untimely filing of a federal habeas petition. <u>See</u> <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report and Recommendation). <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. <u>See</u> <u>In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Moss's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[31]

New Orleans, Louisiana, this _____22nd_____ day of October, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

(5th Cir. 2012). Moss can not overcome the AEDPA's limitations period, and Martinez and Trevino would not provide any equitable or statutory relief from his untimely filing under the AEDPA.

[31]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.